**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

BIONITROGEN HOLDINGS, CORP.           Case No.: 15-29505-BKC-RAM

_____Debtor._____ /        Chapter 11

### *EX PARTE* MOTION FOR ORDER AUTHORIZING AND DIRECTING
### THE JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

BIONITROGEN HOLDINGS, CORP. ("Debtor") by and through undersigned proposed counsel,[1] files this *Ex-Parte Motion for Order Authorizing and Directing the Joint Administration of Related Chapter 11 Cases* (the "Motion"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1015-1(A)-(B), 5005-1(G)(1)(a) and 9013-1(C)(14) of the United States Bankruptcy Court Southern District of Florida (the "Local Rules"). In support of this Motion, the Debtor respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding as defined in 28 U.S.C. §§157(b)(2)(A).

3. The statutory predicates in support of the relief requested herein are sections 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Bankruptcy Rules and Local Rules 1015-1 (A) and (B), 5005-1(G)(1)(a), and 9013-1(C)(14),

---

[1] The *Application for Approval, on an Interim and Final Basis, of Employment of Robert Paul Charbonneau and Ehrenstein Charbonneau Calderin as General Bankruptcy Counsel for the Debtor-In-Possession, Nunc Pro Tunc to the Petition Date* will be filed contemporaneously with this Motion.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Avenue · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

**BACKGROUND**

1. On November 3, 2015, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtor is managing its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee, examiner, or statutory committee has been appointed in this case.

3. The Debtor is a cleantech company that utilizes patented and proprietary technology to transform residual agricultural waste and other biomass materials into high quality bulk urea for sale to agricultural wholesalers and retailers.

4. For a detailed description of the Debtor, its operations, assets and liabilities, the Debtor respectfully refers the Court and parties-in-interest to the *Chapter 11 Case Management Summary*.[2]

5. Simultaneously with the filing of the Debtor's case, on November 3, 2015, the following wholly owned subsidiaries and affiliates of the Debtor also filed for Chapter 11 bankruptcy and are seeking to retain ECC as bankruptcy counsel in their respective cases[3]:

| Debtor | Case No.: |
|---|---|
| BIO-SNG Technologies International Corp. | 15-29507-AJC |
| 4A Technologies, LLC | 15-29509-RAM |
| BioNitrogen Plant FL Hendry, LLC | 15-29511-AJC |
| Hendry BN Construction & Fertilizer Services, LLC | 15-29512-AJC |
| BioNitrogen Florida Holdings, LLC | 15-29513-LMI |
| BioNitrogen Plant FL Taylor, LLC | 15-29515-AJC |

(the "Affiliated Debtors", and when referred to with the Debtor, the "Debtors").

---

[2] The CMS will be filed no later than Friday, November , 2015.
[3] Ex-parte motions for intra-district transfer and judicial reassignment have been filed in each of the Affiliated Debtors' cases not initially assigned to Judge Mark.

**RELIEF REQUESTED**

6. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure permits the joint administration of the estates of affiliated and related debtors. See Fed. R. Bankr. P. 1015(b). The Debtors are affiliates or otherwise related through the same ownership and management.

7. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in the cases will affect many or all of the Debtors as the Debtors share many of the same interested parties. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the Chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

8. In addition, the Debtors respectfully request that the parties in interest be excused from including each of the Debtors' names in the caption of pleadings filed in these cases, as it would be cumbersome and confusing to parties in interest, and thus request that they be permitted and directed to use a consolidated caption, indicating that the pleading relates to the jointly administered bankruptcy cases of BIONITROGEN HOLDINGS, CORP., et al.

9. The Debtors do not believe that joint administration will give rise to any conflict of interest among the estates of the cases to be jointly administered. Instead, because these cases involve seven separate debtors, the entry of an order of joint administration will: i) significantly reduce the volume of paper that otherwise would be filed with the Clerk of Court, ii) render the completion of various administrative tasks less costly, and iii) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 11 cases.

**EHRENSTEIN CHARBONNEAU CALDERIN**

501 Brickell Avenue · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

10. Given the affiliation of the Debtors, and more significantly, the common interests of the Debtors with respect to the reorganization of the Debtors' estates, joint administration of these Chapter 11 cases before the Honorable Robert A. Mark under the first filed case *In re BioNitrogen Holdings, Corp.*; Case No.: 15-29505-RAM (the "Lead Case") shall, among other things: (i) preserve judicial resources and consistency of rulings that may impact the Debtors and creditors of the estates; and (iii) avoid duplicity of pleadings, motions and other court papers filed during the proceedings.

11. Accordingly, the Debtors request that one file and one docket be maintained for seven cases, which file should be the file established for BIONITROGEN HOLDINGS, CORP., Case No.: 15-29505-RAM, which is the lowest case number for the Debtors. The Affiliated Debtors have filed motions for intra-district transfers in their individual cases where appropriate.

12. The Debtors also request that the following consolidated form of caption be utilized for all pleadings and orders in these cases:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

BIONITROGEN HOLDINGS, CORP., et. al.          Chapter 11

                                                    Case No.: 15-29505-BKC-RAM
                                                    Case No.: 15-29507-BKC-RAM
                                                    Case No.: 15-29509-BKC-RAM
                                                    Case No.: 15-29511-BKC-RAM
                                                    Case No.: 15-29512-BKC-RAM
                                                    Case No.: 15-29513-BKC-RAM
                                                    Case No.: 15-29515-BKC-RAM

                                                    (Jointly Administered)

_____Debtors._____ /

**BASIS FOR RELIEF**

13. Bankruptcy Rule 1015(b) provides in relevant part: "If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

14. Each of the Debtors is in the same line of business and maintain the same management, interrelated debt, contractual arrangements and operations, if any.

15. As described above, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 B.R. 568 (Bankr. D. Mass. 2006); *In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, this Court is authorized to grant the relief requested.

16. The Debtors submit that joint administration of their Chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings, and orders. The Debtors believe that the relief requested is needed immediately in order to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date. Joint administration will save considerable time and expense for the Debtors and their estates and free the Court from the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. *See, e.g., Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994) ("Joint administration is thus a procedural tool permitting use of a single docket for administrative matters, including the listing of filed claims, the combining of notices to creditors

of the different estates, and the joint handling of other ministerial matters that may aid in expediting the cases.").

17. Pursuant to the requirement of Local Rule 1015-1(A) and (B)(1), the Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

18. The interests of the Debtors, their estates, and all parties-in-interest would best be served by the joint administration of the Debtors' Chapter 11 cases.

19. Finally, joint administration will result in simplified supervision of the administrative aspects of the Debtors' Chapter 11 cases by the Office of the United States Trustee.

20. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) BioNitrogen Holdings, Corp. 15-29505-RAM; BIO-SNG Technologies International Corp. 15-29507-AJC; 4A Technologies, LLC   15-29509-RAM; BioNitrogen Plant FL Hendry, LLC 15-29511-AJC; Hendry BN Construction & Fertilizer Services, LLC 15-29512-AJC; BioNitrogen Florida Holdings, LLC 15-29513-LMI; BioNitrogen Plant FL Taylor, LLC 15-29515-AJC.  The docket of the Lead Case, BioNitrogen, Corp. (Case No.: 15-29505-BKC-RAM) should be consulted for all matters affecting this case.

**WHEREFORE**, the Debtors respectfully request the entry of an order, in the form annexed hereto as **Exhibit "A"**, granting the relief requested herein and granting such other and further relief as is just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, this __4th__ day of November 2015 upon all parties on the attached service list.

> *I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

        EHRENSTEIN CHARBONNEAU CALDERIN
        *Proposed Attorneys for the Debtors-in-Possession*
        501 Brickell Key Drive, Suite300
        Miami, Florida 33131
        T. 305.722.2002 F. 305.722.2001
        www.ecclegal.com

        By:   */s/ Nicole Grimal Helmstetter, Esq.*
              Nicole Grimal Helmstetter, Esq.
              Florida Bar Number 86937
              ngh@ecclegal.com

**Service List**
**15-29505-RAM Notice will be electronically mailed to:**

Jacqueline Calderin, Esq. on behalf of Debtor BioNitrogen Holdings, Corp.
jc@ecclegal.com, bankruptcy@ecclegal.com;nsocorro@ecclegal.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**15-29505-RAM Notice will not be electronically mailed to:**

# Exhibit "A" – Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

BIONITROGEN HOLDINGS, CORP., et. al.                Chapter 11

                                                                  Case No.: 15-29505-BKC-RAM
                                                                  Case No.: 15-29507-BKC-RAM
                                                                  Case No.: 15-29509-BKC-RAM
                                                                  Case No.: 15-29511-BKC-RAM
                                                                  Case No.: 15-29512-BKC-RAM
                                                                  Case No.: 15-29513-BKC-RAM
                                                                  Case No.: 15-29515-BKC-RAM

                                                                  (jointly administered)

_____Debtors._____ /

**ORDER GRANTING *EX PARTE***
**MOTION FOR ORDER AUTHORIZING AND DIRECTING**
**THE JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

       **THIS MATTER** came before the Court upon the *Ex Parte Motion for Order Authorizing and Directing the Joint Administration of Related Chapter 11 Cases* (the "Motion") [ECF #    ]

filed by the Debtor.[1] The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtor and its Affiliated Debtors. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) pursuant to Local Rules 1015-1(B)(2) and 9013-1(C)(14) the Court is authorized to grant the Motion without a hearing; and (v) good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, the Court **ORDERS and ADJUDGES**:

1. The Motion is **GRANTED**.

2. The above-captioned bankruptcy cases are hereby jointly administered for procedural purposes only under the Lead Case, Case No. 15-29505-BKC-RAM, designed as the "Lead Case".

3. The style of these jointly administered cases shall be in the style set forth below:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

| | |
|---|---|
| BIONITROGEN HOLDINGS, CORP., et. al. | Chapter 11 |
| | Case No.: 15-29505-BKC-RAM<br>Case No.: 15-29507-BKC-RAM<br>Case No.: 15-29509-BKC-RAM<br>Case No.: 15-29511-BKC-RAM<br>Case No.: 15-29512-BKC-RAM<br>Case No.: 15-29513-BKC-RAM<br>Case No.: 15-29515-BKC-RAM |
| | (Jointly Administered) |
| _____Debtors._____/ | |

---

[1] Any and all capitalized terms not expressly defined herein shall bear the meaning ascribed to them in the Motion.

2

4. One disclosure statement and plan of reorganization may be (but is not required to be) filed for all of the above-listed cases by any plan proponent.

5. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

6. One consolidated docket, one creditor matrix, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk, with separate claims registers for each of the Debtors' cases.

7. Parties may request joint hearings on matters pending in any of the jointly administered cases.

# # #

Submitted by:
Nicole Grimal Helmstetter, Esq.
ngh@ecclegal.com
Ehrenstein Charbonneau Calderin
Proposed Attorneys for Debtors in Possession
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002    F. 305.722.2001
www.ecclegal.com

Copies to:
Nicole Grimal Helmstetter shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.