UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*
BIONITROGEN HOLDINGS, CORP *et al.*          Chapter 11

                                             Case No 15-29505-RAM
                                             Case No 15-29507-RAM
                                             Case No 15-29509-RAM
                                             Case No 15-29511-RAM
                                             Case No 15-29512-RAM
                                             Case No 15-29513-RAM
                                             Case No 15-29515-RAM

____Debtors._____ /      (Jointly Administered)

DEBTORS' MOTION TO APPROVE COMPENSATION PACKAGE
TO THE COMPANY'S CHIEF EXECUTIVE OFFICER
*NUNC PRO TUNC* TO NOVEMBER 23, 2015

(HEARING REQUESTED ON DECEMBER 1, 2015 AT 11:00 A.M. EST)[1]

BioNitrogen Corporation, ("BioNitro), along with its affiliated jointly administered

debtors in possession (collectively, the "Debtors"), by and through undersigned proposed[2]

counsel, respectfully request, pursuant to Sections 105(a) and 363(b) of Title 11 of the United

States Code (the "Bankruptcy Code"), the entry of an order, approving an incentive-based

compensation package to BioNitro's Chief Executive, effective as of November 23, 2015. In

support of this motion, the Debtors rely upon the *Case Management Summary* (the "Case

Management Summary") [ECF #11].

PRELIMINARY STATEMENT

1.       The Debtors believe that the relief sought herein arises in the ordinary course of

business in connection with corporate governance and operational matters. However, the

_____

[1] There are other matters set for hearing on this date.

[2] An application to authorize retention of counsel is pending before this Court.

EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Avenue · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

Debtors seek to provide notice to all creditors and interested parties and obtain approval of this Court in the ordinary course of business.

## JURISDICTION

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      The statutory predicates for the relief requested herein are Sections 363(b) and 105(a) of the Bankruptcy Code.

## BACKGROUND AND BUSINESS OPERATIONS

6.      On November 3, 2015 (the "Petition Date"), the Debtors filed their respective voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

7.      The Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code since the Petition Date and continue to do so.

8.      As of the date hereof, no creditors' committee has been appointed in these cases. In addition, no trustee or examiner has been appointed.

9.      For a detailed description of the Debtors, their operations and assets and liabilities, the Debtors respectfully refer the Court and parties-in-interest to the Case Management Summary.

10.      Carlos Contreras served as BioNitro's Chief Executive Officer[3] and Chairman of the Board of Directors from June 1, 2012 to 11:59 p.m. November 22, 2015. Mr. Contreras's compensation during his tenure as CEO was comprised of: (a) $240,000.00 per year base salary; (b) a fiscal year-end target cash bonus (based on financial achievements); (c) stock/equity option;

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Avenue · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

(d) a benefits package to include medical, dental, life and disability insurance as well as paid time off; and (d) a car allowance.

11.     On or around July 10, 2015, BioNitro retained the services of Pentant, LLC ("Pentant") to provide strategic business, operational, and development advisory services to the Debtors.  Graham Copley is a principal and shareholder of Pentant.  Pentant and Mr. Copley were engaged by BioNitrogen because of Mr. Copley's expertise both in the chemical industry and in the financial markets.  A chemical engineer by training, Mr. Copley has spent his career in the chemical industry and the investment banking industry and for much of that time at the intersection of the two, either as a research analyst or strategic advisor.  During his career, Mr. Copley has built or helped to build 4 businesses from scratch and has engaged in three acquisitions of businesses as part of that process.  Pentant's clients include Fortune 500 companies in the chemical industry and most of the engagements are at the CEO/CFO level.

12.     Thereafter, in exchange for payment of its outstanding invoices, Pentant received the sum of 6,666,667 shares of BioNitro's common stock.  Additionally, Mr. Copley was invited to serve as a director on BioNitro's Board of Directors (the "Board"), a position which he has occupied since then.

13.     On November 20, 2015, the Board appointed Graham Copley to replace Mr. Contreras as BioNitro's Chief Executive Officer effective November 23, 2015.  In conjunction with Mr. Copley's appointment, the Board approved Mr. Copley's terms of compensation.

## RELIEF REQUESTED

14.     By and through this Motion, and in an abundance of caution, the Debtors seek approval of this Court to approve the terms of Mr. Copley's compensation as CEO.

---

[3] The term "Chief Executive Officer" and the acronym "CEO" are used interchangeably.

3

15.     Mr. Copley, individually as a director of BioNitro and through Pentant, has been providing operational, management, and advisory services to the Debtors since prior to the Petition Date.   While Pentant is owed approximately $45,000 on account of its prepetition services, Pentant has agreed to waive its claim as to the unpaid prepetition invoices.[4]

## A.     Services to Be Provided

16.     Consistent with the role of Chief Executive Officer, Mr. Copley shall report directly to the Board of Directors and his duties shall include, but not be limited to, responsibility for overall direction of the business, working with the Board to develop current and long-range objectives, policies and procedures for the organization.  In addition, given his role as CEO of a Debtor in Possession, Mr. Copley will take the lead in coordinating all efforts to see the Debtors through the Chapter 11 process, including considering, evaluating, formulating and proposing options for exiting Chapter 11, which options may include raising capital through sale of the Debtors as a going concern, joint ventures, and/or traditional restructuring.  Mr. Copley expects that executing on his role as CEO will require a material commitment of his time and resources.

## B.     Compensation

17.     The proposed compensation to Mr. Copley shall be comprised of a base salary of $260,000.00 per year ("Base") plus incentive bonus payments pursuant to the following structure (hereinafter referred to as the "Compensation Package")[5]:

> i.     Payment of 60% of Base prorated on a weekly basis (i.e., $3,000.00 per week) and paid on Wednesday of each week (the "Weekly 60") in addition to reimbursement of actual costs incurred for the preceding week (Monday through Sunday);

---

[4] (excluding any sums which the Court may award as an administrative claim related to the filing of these cases)

[5] As of the date herein, the Debtors' respective Chapter 11 cases are being jointly administered, but not substantively consolidated.  Accordingly, in the course of administration of these cases, an accounting will be performed to determine the appropriate allocation of each respective estate's obligations *vis-à-vis* all administrative expenses.

4

ii.     Balance of 40% (the "Deferred 40") as an allowed Chapter 11 administrative claim to be deferred and paid *pari passu* with other allowed Chapter 11 administrative claims;

iii.    Notwithstanding the foregoing, in lieu of collection on any unpaid portion of the Base, and as an accommodation to facilitate the Debtors' operational cash flow, Copley may defer payment and instead receive the balance of his compensation as: (a) the balance of any unpaid portion of the Weekly 60 plus a success fee of 2.5 times the Deferred 40 balance if unsecured creditors receive an aggregate dividend of up to ten percent of allowed claims in those cases for which a Chapter 11 case is pending at the time of a disposition of the Debtors' assets either through a sale or reorganization; or (b) 3 times the Deferred 40 balance if unsecured creditors receive an aggregate dividend of up to ten percent of allowed claims in those cases for which a Chapter 11 case is pending at the time of a disposition of the Debtors' assets either through a sale or reorganization;

iv.     Notwithstanding the foregoing, if the Debtor(s) emerge from Chapter 11 as a reorganized going concern, Copley may, in his sole discretion, waive payment in cash and retain stock in the reorganized Debtor(s) equal to the value of the unpaid compensation.

## BASIS FOR RELIEF REQUESTED

18.     While the Debtors believe that the retention of a CEO and the terms of compensation thereto are matters which arise in the ordinary course of business and do not require Court approval, the Debtors seek approval hereto in an abundance of caution.

### The Compensation Package is a product of the Debtors' Sound Business Judgment.

19.     Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b) (1). The use, sale or lease of property of the estate, other than in the ordinary course of business, is authorized when there is a "sound business purpose" that justifies such action. *See Institutional Creditors of Cont.'s Airlines, Inc. v. Cont.'s Airlines, Inc. (In re Cont.'s Airlines)*, 780 F.2d 1223, 1225-26 (5th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In*

5

*re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 17-18 (Banker. M.D. Fla. 2005) (applying sound business justification standard in authorizing payment of prepetition claims pursuant to section 363(b)); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Banker. D. Del. 1987) (stating that judicial approval under section 363 of the Bankruptcy Code requires a showing that the proposed action is fair and equitable, in good faith and supported by a good business reason).

20.    The business judgment rule is a "policy of judicial restraint born of the recognition that directors are, in most cases, more qualified to make business decisions than are judges." *International Ins. Co. v. Johns*, 874 F.2d 1447. 1458 n.20 (11th Cir. 1989). In that regard, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *See Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted). When a valid business justification exists, the law vests the debtor's decision to use property out of the ordinary course of business with a strong presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (citations and internal quotations omitted), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).

21.    In this case, the Compensation Package is designed to fairly compensate and incentivize a key member of Debtors' management team, thereby helping to ensure the successful completion of the Chapter 11 process. The structure of the Compensation Package allows the Debtors to achieve the foregoing purpose with a minimal outlay of cash, while shifting the risk of potential non-payment to the CEO.

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Avenue · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

22.     While the Compensation Package is not by definition a formal incentive program, other courts have indeed found that establishing transaction-related incentive pay accomplishes a "sound business purpose." *See, e.g., In re Nobex Corp.*, No. 05-20050, 2006 WL 4063024, at *2-3 (Bankr. D. Del. Jan. 19, 2006) (authorizing incentive pay related to proposed sale of debtor's assets where incentive was structured to compensate management for additional involvement in due diligence process and sale negotiations in seeking a bid higher than the stalking horse bid).

23.     The Debtors firmly believe the Compensation Package is not only justifiable, but makes practical business sense in all respects. The terms of Mr. Copley's retention as CEO represent not only fair compensation but also provide a direct benefit to the Estates by allowing the Debtors to avail themselves of Mr. Copley's expertise and leadership with minimal cash outlay and a built-in incentive for a successful exit from Chapter 11.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order: (i) granting the Motion; (ii) approving the Compensation Package or alternatively finding that the Compensation Package is a matter that arises under the Debtors' ordinary course of business, thereby requiring no Court approval; and (iii) granting such other and further relief which is just and proper.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am qualified to practice in this Court as set forth in Local Rule 2090-1(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
***Proposed Counsel for Debtors***
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002      F. 305.722.2001
www.ecclegal.com

By:     /s/ *Jacqueline Calderin*
        Jacqueline Calderin, Esq.
        Florida Bar No. 134414
        jc@ecclegal.com

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2015, a true and correct copy herein was served via electronic notification upon all parties entitled to notice via CM/ECF and via U.S. Mail upon all parties listed on the attached service list.

By: _____
Jacqueline Calderin, Esq.
Florida Bar No. 134414
jc@ecclegal.com

EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Avenue · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

AFS/IBEX
PO Box 650786
Dallas, TX 75265-0786

AMCREF Communtiy Capital, LLC
4118 Magazine Street
New Orleans, LA 70115-2751

Adam Friedman Associates, LLC
28 West 44th Street
New York, NY 10036-7402

Allister Batchen
PO Box 2057
Jupiter, FL 33468-2057

Annon Consulting, Inc.
c/o ~~E-Mail~~ Law, P.A.
1 ~~E-Mail~~ te 355
Boca Raton, FL 33431-8548

BGroup, LLC
400 S. Ocean Blvd. #405
Palm Beach, FL 33480-4469

Baker & O'Brien
12001 N. Central Expressway
Suite 1200
Dallas, TX 75243-3850

Broad & Cassel
390 North Orange Avenue
Suite 1400
Orlando, FL 32801-1687

Broadridge ICS
PO Box 416423
Boston, MA 02241-6423

CT Corporation
PO Box 4349
Carol Stream, IL 60197-4349

Carlos Contreras
1045 Ibis Avenue
Miami, FL 33166-3213

Carr, Riggs & Ingram, LLC
1713 Mahan Drive
Tallahassee, FL 32308-1219

Comcast
PO Box 105184
Atlanta, GA 30348-5184

DCR Network, LLC
5220 NW 72 Avenue
Suite 11
Miami, FL 33166-4858

DEX Imaging
PO Box 17299
Clearwater, FL 33762-0299

Devine Goodman Rasco, PA
2800 Ponce De Leon Blvd.
#1400
Miami, FL 33134-6921

Discount EDGAR
125 Wolf Road, Suite 315
Albany, NY 12205-1221

Ernesto Iznaga
~~E-Mail~~

Federal Express
PO Box 660481
Dallas, TX 75266-0481

Florida Departement of Revenue
5050 W. Tennessee Street
Tallahassee, FL 32399-0110

Florida Department of Revenue
5050 W Tennessee Street
Tallahassee, FL 32399-0100

Focused Accounting Solutions
289 Berenger Walk
Wellington, FL 33414-4347

Frederick M. Lehrer, PA
Frederick M. Lehrer, Esq.
285 Uptown Rd, 402
Altamonte Springs, FL 32701-3499

Fredy Pedroza
3970 NW 177 Street
Opa Locka, FL 33055-3854

Gable Gotwals
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4279

Gene Hudson Partners Inc.
71 Humbervale Boulevard
Etobicoke, Ontario, Canada
M8Y 3P5

Glenn's Greenery
10900 SW 48th Street
Fort Lauderdale, FL 33328-3210

Holland & Knight
PO Box 884084
Orlando, FL 32886-0001

Honorable Anne M. Gannon, CFC
Palm Beach County Tax Collector
PO Box 3715
West Palm Beach, FL 33402-3715

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346preferred

J. Steven Southwell, PA
PO Box 1748
Wauchula, FL 33873-1748

Jackson & Jackson
111 Founders Drive, Suite 400
Baton Rouge, LA 70810-8959

James Clavijo
1919 Van Buren Street, Suite 403
Hollywood , Florida 33020

Kaufman Rossin & Co
2699 S. Bayshore Drive
Miami, FL 33133-5486

Kimley-Horn and Associates, Inc.
PO Box 932520
Atlanta, GA 31193-2520

Legal & Compliance, LLC
330 Clematis Street #217
West Palm Beach, FL 33401-4602

Lesley Hollenbeck
4122 Parkside Drive
Jupiter, FL 33458-8701

Lucas Granillo Ocampo
Av. Del Libertador 498, 23 Piso
Ciudad de Buenos Aires
Argentina
Argentina

Mallah Furman, CPA
Joe S. Berkovits
6700 Andrews Avenue, Suite 404
Fort Lauderdale, FL 33309-2165

Marlins Business Bank
PO Box 13604
Philadelphia, PA 19101-3604

Miami Dade County Tax Collector
140 W. Flagler St
#1403
Miami, FL 33130-1561

NABUCCO Consulting
400 S Ocean Blvd., #405
Palm Beach, FL 33480-4469

New Jersey Division of Revenue
Attn: Annual Report Review Unit
PO Box 302
Trenton, NJ 08646-0302

Office Max
PO Box 101705
Atlanta, GA 30392-1705

Office of the US Trustee
CM/ECF
Miami, FL 33130-1614

Old Monmouth Stock Transfer Co., Inc.
200 Memorial Pkwy
Atlantic Highlands, NJ 07716-1655

PC LAN Techs
325 S. Olive Ave.
West Palm Beach, FL 33401-5619

Paychex TPS
301 N. Cattlemen Road, Suite 205
Sarasota, FL 34232-6437

Pentant, LLC
E-Mail
Stamford, CT 06901-2216

Polsinelli
100 South Fourth Street
Suite 1000
Saint Louis, MO 63102-1825

Microsoft
One Microsoft Way
Redmond WA 98052

Renew Energy
E-Mail
Denmark

Robert Friedman
Olympic 1401 Elm Associates, LLC
1505 Federal Street
Dallas, TX 75201-3487

Ron Fussman
E-Mail

Smart Choice, CPA
Jorge Coto
3721 SW 133 Place
Miami, FL 33175-6938

Todojama, LLC
E-Mail

Todojama, LLC
E-Mail

U.S. Securities and Exchange
Commission
100 F Street
Washington, DC 20549-2001

U.S. Securities and Exchange
Commission
Miami Regional Office
801 Brickell Avenue, Suite 1800
Atten: Eric I. Bustillo, Regio

U.S. Securities and Exchange
Commission
Office of Reorganization
950 East Paces Ferry Road, Suite 900
Atlanta, GA 30326-1382

Wolin Associates
420 S. Marion Pkwy Suite 1402
Denver, CO 80209-2549

Jacqueline Calderin Esq.
CM/ECF
Mail 11/31 EGF

Nicole M Grimal
CM/ECF
Mail 11/31 EGF

AMCREF Fund XXI, LLC
c/o AMCREF Communtiy Capital, LLC
4118 Magazine Street
New Orleans, LA 70115-2751

Internal Revenue Service
7850 SW 6 Court
Mail Stop 5730
Fort Lauderdale, FL 33324

Florida Power & Light
General Mail Facility
Miami, Florida 33188-0001

Secretary of the State
Uniform Commercial Code
1019 Brazos
Austin, TX 78701-2413

Delaware Entity
1209 Orange Street
Wilmington, DE 19801-1120

Community & Southern Bank
3333 Riverwood Pkwy SE
Suite 350
Atlanta, GA 30339-3304

Enhanced Capital New Market Dev.
c/o Enhanced Community Dev., LLC
201 St. Charles Avenue, Suite 3700
New Orleans, LA 70170-3700

John B. Hutton III, Esq.
GREENBERG TRAURIG, P.A.
E-Mail
Miami, FL 33131

John R. Dodd, Esq.
GREENBERG TRAURIG P.A.
E-Mail
Miami, FL 33131

Taylor County Development Authority
Attn: Scott Frederick
103 E. Ellis St. Perry, Florida 32348

World Global Financing, Inc.
141 NE 3rd Ave, Floor 12
Miami FL 33132

XOffices
8300 NW 53rd Street
Suite 350
Miami FL 33166

Ernesto Iznaga
147 Key Lane
E-Mail Jupiter 33477