**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

| | |
|---|---|
| BIONITROGEN HOLDINGS, CORP., et al.[1] | Case No.: 15-29505-BKC-RAM |
| | Case No.: 15-29507-BKC-RAM |
| | Case No.: 15-29509-BKC-RAM |
| | Case No.: 15-29511-BKC-RAM |
| | Case No.: 15-29512-BKC-RAM |
| | Case No.: 15-29513-BKC-RAM |
| | Case No.: 15-29515-BKC-RAM |
| | (Jointly Administered) |
| _____Debtors._____ / | Chapter 11 |

**DEBTORS' EMERGENCY MOTION TO (I) AUTHORIZE BIONITROGEN PLANT FL TAYLOR, LLC. TO PROVIDE POSTPETITION FINANCING TO BIONITROGEN HOLDINGS, CORP. AND (II) GRANTING BIONITROGEN PLANT FL TAYLOR, LLC. A SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 364(c)(1) AND 503(b)(1), *NUNC PRO TUNC* TO THE DATE(S) OF BORROWING**

*Emergency Preliminary Hearing Requested on December 15, 2015*

**Basis for Emergency Relief**

**In order to preserve the going concern value of the Debtors' business and maintain operations during the pendency of these jointly administered bankruptcy cases, the Debtors require debtor-in-possession financing from their affiliate, BION Taylor's unencumbered cash on hand. Without such financing, the Debtors would suffer immediate and irreparable injury as continued operations would be impossible and thus the Debtors' going concern value may be lost. Accordingly, pursuant to Bankruptcy Rule 4001(c)(2), the Debtors respectfully request that a hearing on this Motion be set on an emergency basis on or before December 15, 2015 in order to prevent such irreparable harm. Additionally, the Debtors request that the provisions of Rule 9075-1 be waived as the relief requested herein is urgent in nature.**

BioNitrogen Holdings Corp, et al.[2] ("BION" or "Debtor" and when referred to collectively with its jointly administered affiliates, the "Debtors") by and through undersigned

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

counsel, files this motion pursuant to sections 105(a), 361 and 364(c)(1) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), for entry of an order (i) authorizing its jointly administered affiliate, BioNitrogen Plant FL Taylor, LLC ("BION Taylor")[3] to advance to the Debtor, post-petition financing from its debtor in possession account to fund the Debtors' post-petition operations; (ii) authorizing the Debtors to borrow funds from BION Taylor; and (iii) granting BION Taylor a super priority lien pursuant to section 364(c)(1) and administrative expense claim pursuant to section 507(b)(1) of the Bankruptcy Code as to all of the Debtors' prepetition assets (the "Motion"), *nunc pro tunc* to the date of borrowing. In support of the Motion, the Debtors respectfully state:

## BACKGROUND

1. On November 3, 2015 (the "Petition Date"), the above-captioned debtors and debtors in possession each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors are operating their business and managing their affairs as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

**A. The Debtors' Business and Prepetition Indebtedness**

3. BION is a cleantech company that utilizes patented and proprietary technology to transform residual agricultural waste and other biomass materials into high quality bulk urea for sale to agricultural wholesalers and retailers (the "Technology").

---

[2] The Debtors include (i) BION, (ii) Bio-SNG Technologies International Corp. ("Bio-SNG"); (iii) 4A Technologies, LLC, (iv) BioNitrogen Plant FL Hendry, LLC, (v) Hendry BN Construction & Fertilizer Services, LLC, (vi) BioNitrogen Florida Holdings, LLC, and (vii) BioNitrogen Plant FL Taylor, LLC. The Debtors' cases are being jointly administered. [ECF #8].

[3] Case No. 15-29515-RAM

2

4. BION Taylor is an affiliate of BION, wholly owned by affiliated debtor BioNitrogen Florida Holdings, LLC. BION Taylor was established to own and operate a plant which would utilize the Technology in the city of Perry, in Taylor County, Florida. BION Taylor's plant was ultimately never constructed.

5. Prior to the Petition Date, on December 16, 2013, BION, as borrower, entered into a Secured Loan Agreement with Annon Consulting Inc. ("Annon"), as lender and agent for a consortium of lenders, in the principal amount of up to $2,500,000 (the "Prepetition Loan Agreement").

6. Under the terms of the Prepetition Loan Agreement, all outstanding indebtedness owed to Annon bears interest at 30% per annum and 32% per annum upon default. The indebtedness under the Prepetition Loan Agreement was guaranteed by all of BION's affiliates in these jointly administered cases except for BION Taylor and Hendry BN Construction & Fertilizer Services, LLC, (collectively, the "Guarantors"), and is secured by substantially all of BION's assets and by Bio-SNG's 100% membership interest in its wholly-owned subsidiary, 4A Technologies, LLC (collectively, the "Collateral"). The intellectual property pertaining to BION's proprietary Technology is owned by 4A Technologies, LLC.

7. Prior to the Petition Date, BION borrowed $850,000 from Annon under the Prepetition Loan Agreement.

B. **Events Precipitating the Chapter 11 Filing**

8. On January 26, 2015, Annon filed a lawsuit in the United States District Court for the Southern District of Florida (the "District Court"), Case No. 9:15-cv-80088-KLR, against BION and each of the Guarantors to collect principal, interest and attorney fees purportedly owing under the Prepetition Loan Agreement.

EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

9. On October 21, 2015, the District Court entered a Default Final Judgment against the Debtor and the Guarantors in the amount of $1,188,112 plus per diem interest of $741 for each day after April 15, 2015. The Court ordered BION to assemble the Collateral, produce all documents concerning the Collateral, and enjoined BION from disposing of the Collateral. The Court further provided Annon the right to dispose of the Collateral or other assets pledged to Annon as collateral for the loan. The Debtors have appealed the Default Final Judgement.

10. As of the Petition Date, the Debtors have minimal operations and no cash flow from which to fund operations and ongoing legal expenses associated with the filing of the chapter 11 cases.

### C. The Proposed Financing

11. Prior to the Petition Date, BION Taylor obtained a $5,000,000 loan from the City of Perry to fund the construction of the plant in Taylor County, Florida (the "City of Perry Loan"). BION serves as a guarantor of the City of Perry Loan. Upon information and belief, the City of Perry Loan is unsecured as to the Debtors and as such, BION Taylor's cash is unencumbered.

12. On the Petition Date, the Debtors closed all of their pre-petition bank accounts, including BION Taylor's pre-petition bank account at Community & Southern Bank which maintained a balance of $126,524.84. All debtor in possession bank accounts are currently held at Regions Bank.

13. Notwithstanding the abbreviated level of operations at this time, certain administrative expenses are accruing rapidly, including rent, insurance, and unpaid salaries for one of BION's three employees who is crucial to the Debtors' reorganization efforts, as well as the maintenance of licenses including Technology patents. These expenses are as follows:

EHRENSTEIN CHARBONNEAU CALDERIN
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com

Rent - $1,800/month

D&O Premium - $3,625.28/month[4]

Salary (Fredy Pedroza) $8,000.00/month

Medical Insurance $1,000.00/month

Telephone $300/month

Office 365 email server $250/month

**Total: - $14,975.28**

14. BION is currently in the process of retaining professionals, including investment bankers and financial advisors, to assist in the process of obtaining post-petition financing to among other efforts, fund daily operations.

15. On the Petition Date BION had $931.00 in it's bank account. To date, the Debtors have not generated any income. Accordingly, BION is in immediate need of emergency funding for its operations. The only funds accessible to BION at this time are the funds held in BION Taylor's DIP account. Accordingly, in an exercise of their business judgment, the Debtors seek authority to utilize BION Taylor's funds in order to sustain BION's operations for the benefit of all of the jointly administered estates.

16. While the Debtors' respective cases are being jointly administered, they are not substantively consolidated nor do the Debtors believe that substantive consolidation is appropriate at this time. That said, without the financing and the ability to preserve the Debtors' intellectual property, licenses and resulting going concern values, there would surely be

---

[4] Pursuant to the *Order Granting Emergency Motion Pursuant to 11 U.S.C. § 364(c) for Authorization to Make Final Payment Under Insurance Premium Finance Agreement With Premium Assignment Corporation* [ECF# 57] the final payment for the D&O policy was due November 9, 2015 and the policy provides coverage through May 9, 2016.

substantial prejudice and irreparable harm that would result as a consequence of not paying the aforementioned necessary obligations.

17. In exchange for the loan from BION Taylor, the Debtors seek to provide to BION Taylor a super-priority lien secured by all of its affiliates' pre-petition assets, subordinated only to the lien of Annon, and an administrative claim for any funds advanced *nunc pro tunc* to the date of borrowing. Given the Debtors' lack of cash flow and the exigent circumstances created by entry of the Default Final Judgment, the Debtors were unable to seek financing from other sources. Given that BION's employees sustain the operations of all affiliates, BION Taylor's estate will benefit by the Debtors' continued operations and as such, the relief requested herein is in the best interests of all jointly administered estates.

## JURISDICTION

18. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## EMERGENCY RELIEF REQUESTED AND BASIS THEREFOR

19. The Debtors require immediate relief in order to continue to operate and preserve the going concern value of their business. Absent such relief, the Debtors' estates will be irreparably harmed. As a result of its financial condition, BION has been unable to obtain another immediate source of cash or credit either in the form of unsecured credit allowable as an administrative expense under section 503(b)(1) of the Code, unsecured credit allowable under sections 364(a) and (b) of the Code, or secured credit pursuant to sections 364(c) or (d) of the Code. Accordingly, access to BION Taylor's unencumbered cash reserves is necessary to pay for emergency operational expenditures.

20. Bankruptcy Rule 4001(c)(2) provides that "[t]he Court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion. If the motion so requests, the Court may conduct a hearing before such 14 day period expires, but the Court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." *See In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 36 (Bankr. S.D.N.Y. 1990)(Court held at an interim hearing on approval of post-petition financing that the immediate and irreparable harm standard of Rule 4001(c)(2), insofar as applied to a business that hopes to reorganize as a going concern, is satisfied by the threatened loss of the business)(citing *Cf. Semmes Motors, Inc. v. Ford Motor Corp.,* 429 F.2d 1197, 1205 (2d Cir.1970)(threatened loss of a business satisfied irreparable injury standard of Rule 65 F.R.C.P. even though its value might be compensable in money damages).

21. Without approved use of BION Taylor's cash, the value of the Debtors' assets, primarily it's intellectual property, may be severely disrupted, as the Debtors would be unable to pay even the most basic operating expenses. This, in turn, would severely impair the Debtor's ability to either successfully reorganize or sell its business. Accordingly, the Debtors will suffer immediate and irreparable harm unless the Debtor is immediately authorized to obtain credit against BION Taylor's cash on the terms and conditions set forth herein and therefore meet the standard necessary for emergency relief under Bankruptcy Rule 4001(c)(2).

22. Through this Motion, the Debtors request entry of an order (i) authorizing BION to borrow up to $126,524.84 from BION Taylor's DIP account for the purpose of funding the Debtors' operations and emergency expenditures until such time as the Debtors obtain an alternative source of financing; (ii) granting BION Taylor a super-priority lien secured by all of

its affiliates' pre-petition assets, subordinated only to the lien of Annon, and an administrative expense claim under section 503(b)(1) for any funds advanced *nunc pro tunc* to the date of borrowing.

23. Section 364(c)(1) provides that, if a debtor in possession is unable to obtain credit on an unsecured basis or as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or incurring of debt "with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title". 11 U.S.C. § 364(c)(1).

24. Given the Debtors' lack of operations and cash flow as of the Petition Date as well as the emergency nature of the filing of these cases, the Debtors were not able to obtain financing from any other source on an emergency basis in order to fund the ongoing operations and expenses of these chapter 11 cases. BION Taylor, however, has accessible unencumbered cash available which can be utilized to assist the jointly administered Debtors in maintaining operations and funding emergency expenditures without charging interest, additional fees or otherwise subjecting the Debtors to other onerous terms that are typically required from traditional debtor-in-possession lenders. In exchange, BION Taylor's estate will obtain a super priority lien on the pre-petition assets of its affiliates and an administrative claim for any funds advanced to be reimbursed as soon as BION obtains alternative financing.

25. Absent this emergency funding and use of available cash, the Debtors will suffer irreparable harm, as BION stands to lose its highly necessary employee, facility, insurance coverage and potentially, extremely valuable Technology patents. In exchange, the Debtors propose that BION Taylor receive a superpriority lien under §364(c)(1), subordinate only to Annon, and a priority administrative expense claim  Thus, under the circumstances, the Debtors believe that the need for the proposed emergency financing meets the standards required by Rule

**EHRENSTEIN CHARBONNEAU CALDERIN**

**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

4001(c)(2) and that its terms are in the best interests of the Debtors, BION Taylor, their creditors, and all parties in interest.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit "A"**, (i) authorizing BioNitrogen Plant FL Taylor, LLC. To advance to the Debtor, post-petition financing from its debtor in possession account to fund the Debtors' post-petition operations; (ii) authorizing the Debtors to borrow funds from BION Taylor; (iii) granting BION Taylor a super priority lien on the Debtors' pre-petition assets pursuant to section 364I(1), subordinated only to the lien of Annon, and an administrative expense claim pursuant to section 507(b)(1) of the Bankruptcy Code for all funds advanced *nunc pro tunc* to the date of borrowing; and (iv) any further relief the Court deems necessary.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via U.S. Mail and electronic mail upon the parties on the attached service list this 7th day of December 2015.

***I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).*

EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for Debtor In Possesion*
501 Brickell Key Drive, Suite 300
Miami, FL  33131
T. 305.722.2002     F. 305.722.2001
www.ecclegal.com

By: _____
Robert P. Charbonneau, Esq.
Florida Bar. No.: 968234
rpc@ecclegal.com

| | | |
|---|---|---|
| AFS/IBEX<br>PO Box 650786<br>Dallas, TX 75265-0786 | AMCREF Communtiy Capital, LLC<br>4118 Magazine Street<br>New Orleans, LA 70115-2751 | Adam Friedman Associates, LLC<br>28 West 44th Street<br>New York, NY 10036-7402 |
| Allister Batchen<br>PO Box 2057<br>Jupiter, FL 33468-2057 | Annon Consulting, Inc.<br>c/o [E-Mail]<br>[obscured] Suite 355<br>Boca Raton, FL 33431-8548 | BGroup, LLC<br>400 S. Ocean Blvd. #405<br>Palm Beach, FL 33480-4469 |
| Baker & O'Brien<br>12001 N. Central Expressway<br>Suite 1200<br>Dallas, TX 75243-3850 | Broad & Cassel<br>390 North Orange Avenue<br>Suite 1400<br>Orlando, FL 32801-1687 | Broadridge ICS<br>PO Box 416423<br>Boston, MA 02241-6423 |
| CT Corporation<br>PO Box 4349<br>Carol Stream, IL 60197-4349 | Carlos Contreras<br>1045 Ibis Avenue<br>Miami, FL 33166-3213 | Carr, Riggs & Ingram, LLC<br>1713 Mahan Drive<br>Tallahassee, FL 32308-1219 |
| Comcast<br>PO Box 105184<br>Atlanta, GA 30348-5184 | DCR Network, LLC<br>5220 NW 72 Avenue<br>Suite 11<br>Miami, FL 33166-4858 | DEX Imaging<br>PO Box 17299<br>Clearwater, FL 33762-0299 |
| Devine Goodman Rasco, PA<br>2800 Ponce De Leon Blvd.<br>#1400<br>Miami, FL 33134-6921 | Discount EDGAR<br>125 Wolf Road, Suite 315<br>Albany, NY 12205-1221 | Ernesto Iznaga<br>14[obscured] Ke[?] Lane<br>Jupiter, FL 3[obscured] [E-Mail] |
| Federal Express<br>PO Box 660481<br>Dallas, TX 75266-0481 | Florida Departement of Revenue<br>5050 W. Tennessee Street<br>Tallahassee, FL 32399-0110 | Florida Department of Revenue<br>5050 W Tennessee Street<br>Tallahassee, FL 32399-0100 |
| Focused Accounting Solutions<br>289 Berenger Walk<br>Wellington, FL 33414-4347 | Frederick M. Lehrer, PA<br>Frederick M. Lehrer, Esq.<br>285 Uptown Rd, 402<br>Altamonte Springs, FL 32701-3499 | Fredy Pedroza<br>3970 NW 177 Street<br>Opa Locka, FL 33055-3854 |
| Gable Gotwals<br>1100 ONEOK Plaza<br>100 West 5th Street<br>Tulsa, OK 74103-4279 | Gene Hudson Partners Inc.<br>71 Humbervale Boulevard<br>Etobicoke, Ontario, Canada<br>M8Y 3P5 | Glenn's Greenery<br>10900 SW 48th Street<br>Fort Lauderdale, FL 33328-3210 |
| Holland & Knight<br>PO Box 884084<br>Orlando, FL 32886-0001 | Honorable Anne M. Gannon, CFC<br>Palm Beach County Tax Collector<br>PO Box 3715<br>West Palm Beach, FL 33402-3715 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY<br>OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346preferred |

| | | |
|---|---|---|
| J. Steven Southwell, PA<br>PO Box 1748<br>Wauchula, FL 33873-1748 | Jackson & Jackson<br>111 Founders Drive, Suite 400<br>Baton Rouge, LA 70810-8959 | James Clavijo<br>1919 Van Buren Street, Suite 403<br>Hollywood, Florida 33020 |
| Kaufman Rossin & Co<br>2699 S. Bayshore Drive<br>Miami, FL 33133-5486 | Kimley-Horn and Associates, Inc.<br>PO Box 932520<br>Atlanta, GA 31193-2520 | Legal & Compliance, LLC<br>330 Clematis Street #217<br>West Palm Beach, FL 33401-4602 |
| Lesley Hollenbeck<br>4122 Parkside Drive<br>Jupiter, FL 33458-8701 | Lucas Granillo Ocampo<br>Av. Del Libertador 498, 23 Piso<br>Ciudad de Buenos Aires<br>Argentina<br>Argentina | Mallah Furman, CPA<br>Joe S. Berkovits<br>6700 Andrews Avenue, Suite 404<br>Fort Lauderdale, FL 33309-2165 |
| Marlins Business Bank<br>PO Box 13604<br>Philadelphia, PA 19101-3604 | Miami Dade County Tax Collector<br>140 W. Flagler St<br>#1403<br>Miami, FL 33130-1561 | NABUCCO Consulting<br>400 S Ocean Blvd., #405<br>Palm Beach, FL 33480-4469 |
| New Jersey Division of Revenue<br>Attn: Annual Report Review Unit<br>PO Box 302<br>Trenton, NJ 08646-0302 | Office Max<br>PO Box 101705<br>Atlanta, GA 30392-1705 | Office of the US Trustee<br>51 W 1st Ave<br>Suite 1204<br>Miami, FL 33130-1614 *CM/ECF* |
| Old Monmouth Stock Transfer Co., Inc.<br>200 Memorial Pkwy<br>Atlantic Highlands, NJ 07716-1655 | PC LAN Techs<br>325 S. Olive Ave.<br>West Palm Beach, FL 33401-5619 | Paychex TPS<br>301 N. Cattlemen Road, Suite 205<br>Sarasota, FL 34232-6437 |
| Pentant, LLC<br>1055 Washington Blvd<br>First Floor Schnold<br>Stamford, CT 06901-2216 *E-Mail* | Polsinelli<br>100 South Fourth Street<br>Suite 1000<br>Saint Louis, MO 63102-1825 | Microsoft<br>One Microsoft Way<br>Redmond WA 98052 |
| Renew Energy<br>JULLI 60 DE 31 E<br>DK-5700 (illegible)<br>Denmark *E-Mail* | Robert Friedman<br>Olympic 1401 Elm Associates, LLC<br>1505 Federal Street<br>Dallas, TX 75201-3487 | Ron Fussman<br>85 Roxhill Rd<br>Hillsborough (illegible) *E-Mail* |
| Smart Choice, CPA<br>Jorge Coto<br>3721 SW 133 Place<br>Miami, FL 33175-6938 | Todojama, LLC<br>545 (illegible)<br>Miami FL 33166 *E-Mail* | Todojama, LLC<br>281 Meadow Lark Ave.<br>Miami (illegible) *E-Mail* |
| U.S. Securities and Exchange<br>Commission<br>100 F Street<br>Washington, DC 20549-2001 | U.S. Securities and Exchange<br>Commission<br>Miami Regional Office<br>801 Brickell Avenue, Suite 1800<br>Atten: Eric I. Bustillo, Regio | U.S. Securities and Exchange<br>Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, Suite 900<br>Atlanta, GA 30326-1382 |

Wolin Associates
420 S. Marion Pkwy Suite 1402
Denver, CO 80209-2549

Jacqueline Calderin Esq.


Nicole M Grimal


AMCREF Fund XXI, LLC
c/o AMCREF Communtiy Capital, LLC
4118 Magazine Street
New Orleans, LA 70115-2751

Internal Revenue Service
7850 SW 6 Court
Mail Stop 5730
Fort Lauderdale, FL 33324

Florida Power & Light
General Mail Facility
Miami, Florida 33188-0001

Secretary of the State
Uniform Commercial Code
1019 Brazos
Austin, TX 78701-2413

Delaware Entity
1209 Orange Street
Wilmington, DE 19801-1120

Community & Southern Bank
3333 Riverwood Pkwy SE
Suite 350
Atlanta, GA 30339-3304

Enhanced Capital New Market Dev.
c/o Enhanced Community Dev., LLC
201 St. Charles Avenue, Suite 3700
New Orleans, LA 70170-3700

John B. Hutton III, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2 Avenue
Miami, FL 33131
E-Mail

John R. Dodd, Esq.
GREENBERG TRAURIG, P.A.
333 S.E. 2 Avenue
Miami, FL 33131
E-Mail

Taylor County Development Authority
Attn: Scott Frederick
103 E. Ellis St. Perry, Florida 32348

World Global Financing, Inc.
141 NE 3rd Ave, Floor 12
Miami FL 33132

XOffices
8300 NW 53rd Street
Suite 350
Miami FL 33166

Ernesto Iznaga
147 Key Lane
Jupiter, FL 33477
E-Mail

# Exhibit "A" Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

BIONITROGEN HOLDINGS, CORP., et al.[1]    Case No.: 15-29505-BKC-RAM
                                                    Case No.: 15-29507-BKC-RAM
                                                    Case No.: 15-29509-BKC-RAM
                                                    Case No.: 15-29511-BKC-RAM
                                                    Case No.: 15-29512-BKC-RAM
                                                    Case No.: 15-29513-BKC-RAM
                                                    Case No.: 15-29515-BKC-RAM
                                                    (Jointly Administered)

     Debtors.                                 /        Chapter 11

**ORDER GRANTING DEBTORS' EMERGENCY MOTION TO (I) AUTHORIZE BIONITROGEN PLANT FL TAYLOR, LLC. TO PROVIDE POSTPETITION FINANCING TO BIONITROGEN HOLDINGS, CORP. AND (II) GRANTING BIONITROGEN PLANT FL TAYLOR, LLC. A SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 364(c)(1)**

---

**AND 503(b)(1), *NUNC PRO TUNC* TO THE DATE(S) OF BORROWING**

**THIS MATTER** came before the Court on Tuesday, December 15, 2015 at \_\_\_\_\_ a.m. (the "Hearing") upon BIONITROGEN HOLDINGS, CORP, *et al.* ("BION" or "Debtor", or collectively, the "Joint Debtors") *Emergency Motion to (I) Authorize BioNitrogen Plant FL Taylor, LLC to Provide Post-Petition Financing to BioNitrogen Holdings, Corp. and (II) Granting BioNitrogen Plant FL Taylor, LLC a Superpriority Administrative Expense Claim Under 11 U.S.C. § 364(c)(1) and 503(b)(1), Nunc Pro Tunc to the Date(s) of Borrowing* [ECF# ] (the "Motion") pursuant to Sections 105(a), 361 and 364(c)(1) of the Bankruptcy Code,[2] Rule 4001(c)(2) of Bankruptcy Rules, and Rule 4001-3 of the Local Rules. The Motion sought entry of an order (i) authorizing its jointly administered affiliate, BioNitrogen Plant FL Taylor, LLC ("BION Taylor")[3] to advance to the Debtor, post-petition financing from its debtor in possession account to fund the Debtors' post-petition operations; (ii) authorizing the Debtors to borrow funds from BION Taylor; and (iii) granting BION Taylor an administrative expense claim pursuant to section 507(b)(1) of the Bankruptcy Code as to all of the Debtors' prepetition assets (the "Motion"), *nunc pro tunc* to the date of borrowing. The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their respective estates and creditors. Proper and adequate notice of the Motion and the hearing on it has been given and no other or further notice is necessary.

**THE COURT FINDS THAT:**

    A.    Notice of the hearing on the Motion was given in accordance with the provisions of Bankruptcy Rules 4001(b), 9006 and 9014.

---

[2] Any and all capitalized terms, not expressly defined herein, shall bear the meaning ascribed to them in the Motion.
[3] Case No. 15-29515-RAM

B.	This is a core proceeding defined in 28 U.S.C. § 157(b)(2)(A), (D), (G), (K), (M), and (O).

Accordingly it is **ORDERED** as follows:

1.	The Motion is **GRANTED** on an interim basis.

2.	BioNitrogen Plant FL Taylor, LLC is **AUTHORIZED** to advance to the Debtor, post-petition financing from its debtor in possession account to fund the Debtors' post-petition operations, *nunc pro tunc* to those sums already advanced.

3.	The Joint Debtors are **AUTHORIZED** to borrow funds from BION Taylor.

4.	BION Taylor shall have a super priority lien on the Debtors' pre-petition assets pursuant to section 364(c)(1), subordinated only to the lien of Annon, and an administrative expense claim pursuant to section 507(b)(1) of the Bankruptcy Code for all funds advanced *nunc pro tunc* to the date of borrowing.

# # #

**Submitted by:**
Robert P. Charbonneau, Esq.
rpc@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
Attorneys for the Joint Debtors
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002	F. 305.722.2001
www.ecclegal.com

Copies to:
Robert P. Charbonneau shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.