

**ORDERED in the Southern District of Florida on January 24, 2016.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*

BIONITROGEN HOLDINGS, CORP.         Chapter 11

                                                Case No.: 15-29505-BKC-RAM
                                                Case No.: 15-29507-BKC-RAM
                                                Case No.: 15-29509-BKC-RAM
                                                Case No.: 15-29511-BKC-RAM
                                                Case No.: 15-29512-BKC-RAM
                                                Case No.: 15-29513-BKC-RAM
                                                Case No.: 15-29515-BKC-RAM

                                                (Jointly Administered)

       Joint Debtors.                 /

**FINAL ORDER GRANTING DEBTORS' MOTION TO**
**APPROVE COMPENSATION PACKAGE OF THE COMPANY'S**
**CHIEF EXECUTIVE OFFICER *NUNC PRO TUNC* TO NOVEMBER 23, 2015 [ECF# 48]**

**THIS MATTER** came before the Court for preliminary hearing on Thursday, December 17, 2015 at 1:30 p.m. and Monday, December 22, 2015 at 2:00 p.m. and for final hearing on Thursday, January 21, 2016 at 2:30 p.m. (together the "Hearing") upon BIONITROGEN HOLDINGS, CORP, *et al.* ("BION" or "Debtor", or collectively, the "Joint Debtors") *Motion to Approve Compensation*

*Package of the Company's Chief Executive Officer Nunc Pro Tunc to November 23, 2015* [ECF# 48] (the "Motion") pursuant to 11 U.S.C. § 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"). The Motion requests entry of an order approving the terms of Mr. Copley's[1] compensation as CEO in the ordinary course of business *nunc pro tunc* to November 23, 2015. Annon Consulting, Inc. ("Annon") filed an objection[2] to the Motion [ECF# 73] (the "Objection"). At the Hearing the Debtor and Annon announced modifications to the Motion that resolved the Objection. The Court finds the Compensation Package, as modified by agreement with the Office of the United States Trustee (the "UST"), is a product of the Debtors' sound business judgment. The Court, having reviewed the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 1357(b); venue being properly before this Court pursuant to 28 U.S.C. §§1408 and 1409; it appearing that proper and adequate notice of the Motion has been given and that no other and further notice is necessary; the relief requested in the Motion, as modified on the record at the Hearing, being in the best interests of the Debtors' estates and that good and sufficient cause for such relief has been established, it is **ORDERED** as follows:

1. The Motion is **GRANTED** on a **FINAL** basis, and as modified by this Order, and as announced on the record at the Hearing on a final basis *nunc pro tunc* November 23, 2015.

2. The Objection is **SUSTAINED**, in part, and **OVERRULED** in part.

3. The Compensation Package is modified and approved as follows:

    a. Mr. Copley's compensation, conditioned on the provision set forth in paragraph 5 below, shall be comprised of a base salary of $260,000.00 per year ("Base") for jointly administered debtors and non-debtor entities pursuant to the following structure (hereinafter referred to as the

---

[1] Any and all terms not specifically defined herein, shall bear the meaning ascribed to them in the Application.

[2] As a part of *Annon Consulting, Inc.'s Omnibus Objection to Debtors' (I) Motion to Approve Compensation Package of the Company's Chief Executive Officer; (II) First Motion to Authorize the Debtors to Obtain Postpetition Financing; (III) Application to Authorize the Retention and Employment of Investment Bankers; and (IV) Second Motion to Authorize the Debtors to Obtain Postpetition Financing*

2

"Compensation Package"), specifically excluding any sums the Court may award as an administrative claim related to the filing of the Joint Debtors:

   i. Payment of 60% of Base prorated on a weekly basis (i.e., $3,000.00 per week) and paid on Wednesday of each week (the "Weekly 60") in addition to reimbursement of actual costs incurred for the preceding week (Monday through Sunday);
   ii. Balance of 40% (the "Deferred 40") as an allowed Chapter 11 administrative claim to be deferred and paid *pari passu* with other allowed Chapter 11 administrative claims;
   iii. Notwithstanding the foregoing, in lieu of collection on any unpaid portion of the Base, and as an accommodation to facilitate the Debtors' operational cash flow, Copley may defer payment and instead receive the balance of his compensation as: (a) the balance of any unpaid portion of the Weekly 60 plus an amount equal to 3 times the Deferred 40 balance in those cases for which a Chapter 11 case is pending at the time of a disposition of the Debtors' assets either through a sale or reorganization and unsecured creditors receive a distribution;

4. Copley shall be retained by all Debtors except 4A Technologies, LLC. For avoidance of doubt, the Motion is denied solely as to 4A Tech, including that Mr. Copley will not have any claim of any kind whatsoever against 4A Tech, and none of 4A Tech's assets will be subject to any lien or other encumbrance; provided, however, that this paragraph is without prejudice to the Debtors' rights under section 506(c) of the Bankruptcy Code to file and prosecute a surcharge motion.

5. The same compensation package shall be offered to the only other employee of the Debtor, Freddie Pedroza, in that Mr. Pedroza shall have the opportunity to defer payment of up to 40% of his compensation ($90,000 annual salary) and receive a 3 times multiplier of the Deferred 40 balance, payable in those cases for which a Chapter 11 case is pending at the time of a disposition of the Debtors' assets either through a sale or reorganization and unsecured creditors receive a distribution.

6. The balance of the Motion, including, but not limited to, the provision authorizing Copley to waive payment and retain stock in the reorganized Debtor(s) equal to the amount of the unpaid compensation, is **DENIED**.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

**Submitted by:**
Robert P. Charbonneau, Esq.
rpc@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
Attorneys for the Joint Debtors
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002     F. 305.722.2001
www.ecclegal.com

Copies to: Robert P. Charbonneau shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.

4